IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARY ANN ADCOCK )
)
v. ) No. 3:16-0806
)
NANCY A. BERRYHILL )
    Acting Commissioner of )
    Social Security[1] )

To:    The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), to which Defendant has responded. Docket Entry No. 16.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be **DENIED**.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

## I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on July 23, 2012. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 80.[2] She alleged a disability onset date of July 1, 2012. AR 75. Plaintiff asserted that she was unable to work due to lower back pain, shoulder pain, and neck pain. AR 110.[3]

Plaintiff's applications were denied initially and upon reconsideration AR 80, 103. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ Renee S. Andrews-Turner on August 13, 2014. AR 26. On October 31, 2014, the ALJ denied the claim. AR 10-12. On April 4, 2016, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on October 31, 2014. AR 10-12. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.

2. The claimant has not engaged in substantial gainful activity since July 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[3] Records also revealed obesity. AR 110.

***

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease, obesity, and depressive disorder (20 CFR 404.1520(c)).

***

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; and can understand, remember, and carry out simple instructions.

***

6. The claimant is capable of performing past relevant work as a cleaner and sewing machine operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

***

7. The claimant has not been under a "disability" as defined in the Social Security Act from July 1, 2012 through the date of this decision (20 CFR 404.1520(f)).

AR 15-22.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v.*

*Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work and thus concluded that Plaintiff has not been under a disability since the alleged onset date of July 1, 2012. AR 15-22.

### D. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by failing to properly consider the opinion of a consultative examiner. DE 15 at 1. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 10.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement

to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court will address Plaintiff's assertion of error below.

**1. Consultative Examiner.**

Plaintiff's sole assertion of error involves the opinion of Dr. Jacob Dowden, a consultative examiner who evaluated Plaintiff on September 8, 2012 (AR 359-62), and the RFC formulated by the ALJ. AR 17. Dr. Dowden concluded that, during an eight-hour workday, Plaintiff would be able to continuously lift and carry up to 10 pounds, as well as "sit, stand, and walk continuously in an 8-hour day which represents at least 5 hours a day with regular breaks." AR 361.[4] Plaintiff claims that the ALJ failed to incorporate this 10-pound lifting/carrying restriction into the RFC despite according "great weight" to Dr. Dowden's opinion. DE 15 at 4-5.

As an initial matter, the Court notes that Plaintiff fails to discuss, or even acknowledge, the ALJ's statements regarding Plaintiff's prior application for DIB in August of 2008, which was denied by another ALJ in August of 2010 (the "prior decision"), that clearly influenced the RFC assigned by the ALJ in this case:

> Under the provisions of Dennard/Drummond case law and attendant acquiescence rulings, adjudications of any subsequent filed applications under the same title are bound by the residual functional capacity and other vocational information in the prior final decision, [absent] evidence of significant change in medical condition. After an evaluation of the entire record, the objective medical evidence shows that there has not been a significant change in the claimant's overall medical condition.

AR 13. The reference to "Dennard/Drummond case law" involves two cases in which the Sixth Circuit held, respectively, that a prior administrative determination regarding the exertional level of a claimant's past work was binding in subsequent administrative proceedings, *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990), and that absent evidence of an

---
[4] Dr. Dowden found that Plaintiff suffered from no other functional limitations. AR 361.

9

improvement in a claimant's condition, the ALJ in a subsequent proceeding is bound by the prior ALJ's RFC findings and may not decide the case by utilizing a less restrictive RFC. *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997). Plaintiff's brief makes no reference to any errors in the ALJ's application of *Dennard* or *Drummond* in the instant matter, which is a significant omission in her argument. Even more glaring is Plaintiff's failure to file a reply brief addressing *Dennard* and *Drummond* despite Defendant's heavy reliance on these cases in support of the assigned RFC. *See* DE 16 at 4, 8.

Regardless, the Court finds it necessary to address the ALJ's application of these rulings in the instant matter. The ALJ correctly stated that based on the *Dennard* and *Drummond* decisions, she was "bound by the [RFC] and other vocational information in the prior final decision" unless there was evidence of a significant improvement in Plaintiff's condition. AR 13. The Court notes that following the *Drummond* decision, the Social Security Administration ("SSA") adopted Acquiescence Ruling 98-4(6), which described the impact of the *Drummond* decision as follows:

> [W]here a final decision of SSA after a hearing on a prior disability claim contains a finding of a claimant's [RFC], SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's [RFC].

1998 WL 283902, *3 (June 1, 1998). After recognizing the applicability of *Dennard* and *Drummond*, the ALJ specifically stated that "there has not been a significant change in the claimant's overall medical condition" (AR 13), which should have resulted in the assignment of the same RFC that was assigned in the prior decision. However, the ALJ in the current case instead formulated an RFC that was less restrictive in some ways, including a finding that Plaintiff was able to "stand and/or walk for 6 hours in an 8-hour workday" (AR 17), despite the

prior decision's finding that Plaintiff could only "stand or walk 4 hours in an 8 hour workday but less than 1 hour uninterrupted[.]" AR 62. The ALJ also failed to include any restrictions pertaining to grip despite the prior decision's finding that Plaintiff was limited to occasional use of forceful grip. AR 62. Therefore, despite explicitly stating that she found no evidence of medical improvement, the ALJ assigned a new RFC that contained some limitations that were milder than those assigned in the prior decision.[5] This constitutes error in violation of both *Drummond* and Acquiescence Ruling 98-4(6). *See Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 362 (6th Cir. 2004) ("In *Drummond,* this court held that, absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."). *See also Ford v. Berryhill*, No. 5:16-CV-00115-LLK, 2017 WL 2531588, at *1 (W.D. Ky. June 9, 2017) ("Read together, *Drummond* and Acquiescence Ruling 98-4(6) establish that an ALJ is bound by the prior ALJ's RFC finding unless there is new and material evidence of a change (improvement) in the claimant's medical condition or a relevant change in the law.").

Notwithstanding this finding, the Court must still determine whether the ALJ's error is harmless in nature. The court in *Ford* cogently described the three basic categories of harmless *Drummond* errors:

---

[5] Of note, the ALJ also included limitations than were *more* restrictive, including a limitation that Plaintiff was able to sit for only six hours in an eight-hour workday (AR 17), despite the prior decision's finding that she could sit for eight hours in an eight-hour workday. AR 62. The ALJ in the instant case also included an additional limitation that Plaintiff was able to understand, remember, and carry out simple instructions, which was absent from the previous RFC. As discussed elsewhere in this Report and Recommendation, an ALJ's decision to assign more restrictive limitations in a subsequent decision can represent harmless error. *See Clayton v. Comm'r of Soc. Sec.*, No. 2:15-cv-12249, 2016 WL 5402963, at *3 (E.D. Mich. Sept. 28, 2016) ("[W]here a latter [RFC] ... is more restrictive than the prior RFC, a Plaintiff is unable to demonstrate the prejudice or harm necessary to achieve a remand."). Regardless, the ALJ's decision to deviate from the prior RFC despite finding no evidence of a significant change in Plaintiff's condition represents a *Drummond* error.

11

> First, even if the ALJ did not identify new and material evidence of a change warranting departure from the prior RFC, the error was harmless if the current RFC was more claimant-favorable than the prior one .... Second, although the current RFC may appear to be less claimant-favorable, in fact, it may be substantially the same as the prior one in light of the definitions in the Social Security Rulings (SSRs) and other sources—resulting in a harmless *Drummond* error .... Third, a *Drummond* error may be harmless in light of the vocational testimony and the requirements of jobs as described in the Dictionary of Occupational Titles (DOT).

2017 WL 2531588, at *3 (collecting cases). The first category cannot apply due to the ALJ's inclusion of some limitations in the subsequent RFC that were less favorable to Plaintiff, as described *supra*. *Cf. Washington v. Soc. Sec. Admin.*, No. 3:13-CV-00785, 2017 WL 975349, at *11 (M.D. Tenn. Mar. 14, 2017) ("Where an ALJ in a subsequent decision renders an RFC finding that is more restrictive than the ALJ in a prior decision, the claimant has no cause for remand even if the subsequent ALJ failed to properly apply the preclusive effect of the earlier decision, because any error works to the claimant's benefit."). The second category is arguably relevant in light of the substantial similarities between the RFC assignments. *Cf. Hill v. Comm'r of Soc. Sec.*, No. 1:13-cv-90, 2013 WL 6119326, at *3 (S.D. Ohio Nov. 21, 2013), *report and recommendation adopted,* 2014 WL 29515 (S.D. Ohio Jan. 3, 2014) ("Given [the ALJ's] determination that Plaintiff is limited to a restricted range of sedentary jobs, the slight variation from the prior RFC (i.e., eliminating a requirement that Plaintiff stand and/or walk for no more than 2 hours in a day, and eliminating stooping and crouching restrictions), could be deemed harmless."). Indeed, the RFC from the prior decision and the current RFC are substantially similar in that both involve a limited range of light work. AR 17, 62.

The third category also provides a potential path for finding that the ALJ's failure to adhere to *Drummond* represents harmless error. As stated by the *Ford* court, "if the current RFC is less claimant-favorable but the jobs relied on by the current ALJ in support of his/her finding

of lack of disability do not require the additional capacity, any error was harmless." 2017 WL 2531588, at *3. The ALJ in the most recent hearing presented a hypothetical to the vocational expert ("VE") utilizing physical limitations derived from the recommendations of Dr. Kanika Chaudhuri, a non-examining State consultant. AR 48, 76-77.[6] The VE responded that based on such physical limitations, Plaintiff would be able to perform past relevant work as a sewing machine operator and a cleaner. AR 48. The ALJ appears to have based the RFC determination on this testimony (AR 17), and ultimately determined that Plaintiff was not disabled based on her ability to perform the requirements of sewing machine operator and cleaner. AR 22.

However, the ALJ in the prior decision concluded that Plaintiff was *not* able to perform any past relevant work, noting that the ascribed RFC "would preclude the performance of all past work," which included work as a sewing machine operator, cleaner, and inspector. AR 65. The previous ALJ instead identified several jobs, elicited through VE testimony, that Plaintiff would be able to perform in light of her RFC. AR 65-66. In contrast, the ALJ in the instant case found that Plaintiff was not entitled to disability based on her alleged ability to perform past relevant work. AR 22. Therefore, despite explicitly finding that there was no evidence of a significant change in Plaintiff's medical condition and noting that *Dennard* and *Drummond* applied to the instant case, the ALJ proceeded to assign a new RFC that included different limitations, however minor, and allowed a subsequent VE to testify that Plaintiff *could* perform past relevant work. This scenario appears to be antithetical to the spirit of the *Dennard* and *Drummond* decisions, as it allows an ALJ to utilize an RFC from a previous decision to elicit testimony from a VE that is

---

[6] Notably, the hypothetical included a restriction of lifting and carrying 20 pounds occasionally and 10 pounds frequently (AR 48), which is identical to the lifting carrying restriction contained in the RFC from the prior decision. AR 62.

more favorable to the Commissioner, which in the instant case allowed the ALJ to circumvent the prior decision's step-four finding that Plaintiff was *not* able to perform past relevant work.

Neither party addresses this discrepancy. Defendant actually relies on *Drummond* in its responsive brief to argue that because "the evidence did not reveal a change in Plaintiff's condition, the ALJ was required to find that Plaintiff's RFC had not changed." DE 16 at 8. Yet this is not the course taken by the ALJ. The ALJ instead formulated a new RFC despite finding no significant change in Plaintiff's condition. AR 13, 17. Even if assumed that the ALJ adopted a substantially similar RFC that permitted a limited range of light work, as Defendant suggests,[7] this would not explain the ALJ's decision to deviate from the prior decision's step-four finding regarding past relevant work.

Nevertheless, the Court cannot conclude that the ALJ's error warrants reversal of the decision. First and foremost, Plaintiff fails to even acknowledge the applicability of *Dennard*, *Drummond*, or Acquiescence Ruling 98-4(6) in the current case, let alone present an argument based on such doctrines. Plaintiff has therefore waived any argument based on such application. *See Kuhn v. Washtenaw Cty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief ... are waived.") (citing *Caudill v. Hollan,* 431 F.3d 900, 915 n.13 (6th Cir. 2005)). *See also Nichols v. Comm'r of Soc. Sec.*, No. 1:12-cv-995, 2014 WL 4259445, at *9 (W.D. Mich. Aug. 28, 2014) (failure to raise an argument in the initial brief "should end the court's analysis, because issues not presented in the plaintiff's statement of errors are considered waived").

---

[7] Defendant's brief states the following: "[T]he ALJ explained that Plaintiff had an RFC for light work and she had not had a significant change in her medical condition, so that the prior RFC was binding in the current case, pursuant to [*Drummond*]." DE 16 at 8.

14

Additionally, the Court notes that notwithstanding the ALJ's seemingly inconsistent step-four finding, the ALJ also took steps to elicit testimony from the VE during the administrative hearing indicating that there are numerous jobs that Plaintiff can perform despite the assigned RFC. AR 48-50. While the ALJ did not produce an alternative finding describing such additional jobs in her opinion, this testimony constitutes substantial evidence in support of the ALJ's disability finding. *See Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428-29 (6th Cir. 2014) ("A vocational expert's testimony in response to an accurate hypothetical represents substantial evidence that the claimant has the vocational qualifications to perform specific jobs.") (internal citations omitted). The Court also recognizes that the ALJ in the prior decision made a step-five finding that Plaintiff was able to perform jobs that existed in significant numbers in the national economy (AR 65-66), which, due to the current ALJ's finding that Plaintiff's medical condition has not changed, renders harmless any error committed by failing to make a step-five finding in the instant case. *See Reese v. Comm'r of Soc. Sec.*, No. 5:11-cv-1257, 2012 WL 4023396, at *10 (N.D. Ohio June 5, 2012), *report and recommendation adopted*, 2012 WL 4021161 (N.D. Ohio Sept. 12, 2012) ("Because the prior ALJ had already determined that an individual with [the claimant's] RFC would be capable of performing an array of jobs existing in the economy, it was unnecessary for the instant ALJ to readjudicate this issue pursuant to *Drummond*.").

Finally, and crucially, Plaintiff has failed to identify any evidence suggesting that a favorable ruling is possible on remand. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.") (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). Plaintiff instead hopes to secure reversal based solely on the ALJ's decision to not entirely credit

the opinion of Dr. Dowden, a consultative examiner. However, the ALJ was not required to "adopt that opinion wholesale" despite granting "great weight" to it, *Bennett v. Colvin*, No. 3:13-cv-1176, 2015 WL 153950, at *13 (M.D. Tenn. Jan. 12, 2015),[8] and the ALJ adequately noted while discussing Dr. Dowden's opinion that Plaintiff has exhibited only mild degenerative changes in her lumbar spine and a normal gait. AR 21. The RFC also contains the same restriction with respect to lifting and carrying (20 pounds occasionally and 10 pounds frequently) that the RFC from the prior decision included. AR 17, 62.

In contrast, Plaintiff cites no medical evidence indicating that she is limited to lifting and carrying just 10 pounds as recommended by Dr. Dowden. In fact, Plaintiff fails to cite any evidence whatsoever that suggests that Plaintiff suffers from a disabling condition. This is significant in light of both Plaintiff's burden to prove her entitlement to disability benefits, *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994), as well as Plaintiff's failure to produce opinion evidence from any medical provider or examiner at the administrative level, as discussed by the ALJ. AR 20. Reversing and remanding this decision would therefore represent "an idle and useless formality" that the undersigned declines to facilitate. *Collette v. Astrue*, No. 2:08-cv-085, 2009 WL 32929, at *9 (E.D. Tenn. Jan. 6, 2009) (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner's decision must be affirmed if substantial evidence supports it, "even if substantial evidence would support an opposite conclusion." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) (citing *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 714 (6th

---

[8] *See also Matejka v. Comm'r of Soc. Sec. Admin.*, No. 1:13-cv-1933, 2014 WL 3197437, at *13 (N.D. Ohio July 8, 2014) ("Even when an ALJ accords 'significant weight' to a medical opinion, the ALJ is not required to adopt every opinion expressed by the medical expert.").

Cir. 2012)). Though far from perfect, the ALJ's opinion sufficiently provided substantial evidence to support her conclusion. Plaintiff's assertion of error is therefore rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 14) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge